UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON W. MANN,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT D. BURNS, ROBERT TELLOR, THOMAS KUPFERER, ANTHONY ROBERTSON, LINDSAY LEGERE, GALE GLADSON, CRAIG HARJU, CHRIS MORBER, MATTHEW HINES, CHARLIE GLIDEWELL, JUSTIN GIBBS, MARK FRENCH, TRAVIS FRED, JESSICA BEIN, HEATH BARONE, JUSTIN BANDY, RHONDA WALKER, MICHAEL STRATTON, JOHN HUFFMAN, LEE KERSTEN, DARLENE BLUDWORTH, JEFF WHITBECK and UNKNOWN PARTIES,<br><br>    Defendants. | Case No. 14-cv-1358-JPG-SCW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 89) of Magistrate Judge Stephen C. Williams recommending that the Court grant the defendants' motion for summary judgment because no reasonable jury could find, based on the evidence in the file, that the defendants exposed plaintiff Jason W. Mann to unconstitutional conditions of confinement while he was a pretrial detainee at the Jackson County Jail (Doc. 84).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.

1999).

The Court has received no objection to the Report. The Court has reviewed the entire file and finds that the Report is not clearly erroneous. Nevertheless, it bears mentioning that there is a point of uncertainty concerning the standard applicable to conditions of confinement claims for pretrial detainees.

In the Report, Magistrate Judge Williams set forth the Eighth Amendment standard for cruel and unusual conditions of confinement for convicted prisoners, which has historically been applied to pretrial detainees' conditions of confinement claims under the Fourteenth Amendment Due Process Clause. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). However, as noted in Chief Judge Michael J. Reagan's August 5, 2015, order reviewing this case under 28 U.S.C. § 1915A (Doc. 24), the Supreme Court's ruling in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), has created some uncertainty. In *Kingsley*, a pretrial detainee sued for excessive force, and the Supreme Court held that the appropriate standard was whether the officers' purposeful or knowing use of force was objectively unreasonable, not whether the officers were subjectively aware that their use of force was unreasonable. *Id.* at 2470. *Kingsley* calls into question whether deliberate indifference is the correct standard for a pretrial detainee's conditions of confinement claim, but the Seventh Circuit Court of Appeals has suggested the Eighth Amendment standard still applies. *See Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016). *But see Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856-58 (7th Cir. 2017) (applying objective unreasonableness standard to conditions of confinement claim). However, even if the correct standard is objective reasonableness, the Court finds that no reasonable jury hearing the facts of this case could conclude that any defendant's conduct was objectively unreasonable in light of the

legitimate interest in managing the jail. Their treatment of Mann did not amount to punishment, so they did not violate the Due Process Clause.

Accordingly, the Court hereby:

- **ADOPTS** the Report as **MODIFIED** by this order (Doc. 89);

- **GRANTS** the defendants' motion for summary judgment on Count 1 (Doc. 84); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   November 20, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
